**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-25-01809-PHX-DLR |
| Plaintiffs, | **ORDER AND DEFAULT JUDGMENT** |
| v. | |
| Unknown Party, | |
| Defendant. | |

Plaintiffs Fornix Holdings LLC and CP Productions, Inc. bring this action against Defendant John Doe d/b/a bukkakeglobal.com for willful copyright infringement. (Doc. 1.) Despite alternative service to Defendant's known email addresses (Docs. 11, 12), Defendant failed to appear or respond, so the Clerk entered default against Defendant (Doc. 14). Plaintiffs now move for entry of default judgment in the form of a permanent injunction. (Doc. 16.) The motion is granted.

Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the

Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Having reviewed Plaintiffs' motion, the Court finds the relevant factors favor entry of default judgment. If default judgment is not granted, Plaintiffs "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Taking the allegations in the complaint as true, Plaintiffs have alleged meritorious willful copyright infringement claims. There likely are no genuine factual disputes that would preclude granting the motion. There is no evidence that Defendants defaulted due to excusable neglect. There is no money at stake here: Plaintiffs have foregone a request for monetary relief and only seek an injunction. And although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Accordingly, for the reasons articulated in Plaintiffs' motion,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Doc. 16) is **GRANTED** as follows:

1. This Court has personal jurisdiction over Defendant and jurisdiction over the subject matter at issue pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has continuing jurisdiction to enforce the terms and provisions of this Default Judgment.

2. Plaintiffs have valid and enforceable copyrights in the audiovisual works provided in Exhibit A of the Complaint. ("Copyrighted Works"). (Doc. 1-1.)

3. Defendant has committed and continues to commit the following acts:

    a. Registered the domain names <bukkakeglobal.com>, <findmeporn.com>, and <gloryholeshot.com> (collectively the "Domain Names") to operate infringing websites (the "Infringing Websites");

    b.  Unlawfully creating unauthorized copies of the Copyrighted Works for further unauthorized display and distribution via the Infringing Websites;

    c.  Unlawfully publicly displaying and/or authorizing others to publicly display the Copyrighted Works on the Infringing Websites;

    d.  Unlawfully reproducing and distributing and/or authorizing others to publicly display the Copyrighted Works;

    e.  Promoting the availability of Plaintiffs' Copyrighted Works through the Infringing Website; and

    f.  Continuing the acts detailed in ¶¶ (a)-(e) above after receiving notice of infringement from Plaintiffs and after the commencement of this action.

4. Defendant's acts constitute direct infringement of Plaintiffs' Copyrighted Works in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

5. Defendant, and all its officers, agents, and employees, and all those persons or entities acting in active concert or participation with Defendant, and all persons or entities who receive actual notice of this Order, are immediately and permanently enjoined from engaging in any of the following activities:

    a.  Storing, reproducing, displaying, or distributing any of the Copyrighted Works;

    b.  Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting, or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Works;

    c.  Selling, advertising, marketing, or promoting any Copyrighted Works;

    d.  Creating, operating, maintaining, or managing any website in support of the activities described in ¶¶ (a)-(c);

    e.  Registering, owning, receiving, or transferring any domain name in support of the activities described in ¶¶ (a)-(d);

    f.  Creating or providing assistance to others who wish to engage in the activities described in ¶¶ (a)-(e).

6. Defendant is further immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of Plaintiffs' Copyrighted Works, whether through the Infringing Websites or otherwise, including without limitation engaging in any of the following activities:

    a. Advertising or promoting unauthorized access to or the availability of Plaintiffs' Copyrighted Works;

    b. Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Works;

    c. Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of Plaintiffs' Copyrighted Works;

    d. Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Works;

    e. Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Works;

    f. Creating, maintaining, highlighting or otherwise providing access to lists or forums that include, refer to or signal the availability of Plaintiffs' Copyrighted Works;

    g. Including references to Plaintiffs' Copyrighted Works in any promotional materials; and

    h. Creating, maintaining or providing access to the Infringing Website.

7. Defendant shall not enter into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the system, software, source code, data file, other technology, or domain names used in connection with the Infringing Websites.

8. Plaintiffs are entitled to ownership of the Domain Names.

9. VeriSign, Inc., the top-level registry for the Domain Names, upon Notice of this Order, is ordered to change the registrar of record for the Domain Names to GoDaddy.com,

- 4 -

LLC, Plaintiffs' registrar of choice.

10. Whereupon, the registrar of Plaintiffs' choice, GoDaddy.com, LLC, is ordered to change the registrant of record for the Domain Names to list Plaintiffs, and to provide Plaintiffs with full control over the Domain Names.

11. These efforts shall be done at Plaintiffs' reasonable expense.

12. Service by email upon Defendant of a copy of the Default Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to Defendant under Federal Rule of Civil Procedure 65. It shall not be necessary for Defendant to sign any form of acknowledgement of service.

13. Violation of this Permanent Injunction shall expose Defendant and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

14. The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Default Judgment and Permanent Injunction.

15. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

16. Upon entry of this default judgment, the Clerk of the Court shall terminate this case.

Dated this 22nd day of June, 2026.

Douglas L. Rayes
Senior United States District Judge

- 5 -